IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Patsy J. Smith, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 09 C 6288 |
| ) | |
| Viking Collection Service, Inc., a ) | |
| Minnesota corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Patsy J. Smith, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Patsy J. Smith ("Smith"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed for a Sears credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.	Defendant, Viking Collection Service, Inc. ("Viking"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Viking was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. and Mrs. Smith.

5.	Defendant Viking operates a nationwide debt collection business and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

6.	Moreover, Defendant Viking is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois.  <u>See</u>, record from the Illinois Secretary of State attached as Exhibit <u>A</u>.

7.	Defendant Viking is licensed as a debt collection agency in the State of Illinois.  <u>See</u>, record from the Illinois Division of Professional Regulation attached as Exhibit <u>B</u>.

## FACTUAL ALLEGATIONS

8.	Mrs. Smith is a disabled woman of limited assets and income, who fell behind on paying her bills, including her Sears credit card.  The Sears account became delinquent, and eventually, Defendant Viking began collection actions relative to that debt.  Accordingly, Mrs. Smith sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their income is protected from collection.

9. On June 5, 2009, Defendant called Mrs. Smith's home and left a message on the answering machine stating that it was "urgent" that Mrs. Smith call Defendant Viking back right away. Awakened from his sleep and alarmed by the call, her husband, John Smith, called Defendant Viking back.

10. During calls that day with Mr. Smith, Defendant Viking's debt collector, "Chad Turner", told him that Mrs. Smith owed money on a delinquent Sears credit card debt. Mr. Turner advised Mr. Smith that if the debt was not paid, Defendant would take Mr. Smith's wages and it would affect Mr. Smith's home.

11. Mr. Smith was not liable for the account – it was solely in Mrs. Smith's name, and Mr. Smith was not an authorized user -- nor did he use the account. Moreover, Mrs. Smith did not want her husband to know that she was in debt, and, until Defendant's phone call, he did not know about this debt.

12. Defendant's debt collector, Chad Turner, also spoke with Mrs. Smith that day, and in response to Mrs. Smith notifying him that she was represented by the attorneys at LAPSD, talked over her and repeatedly told her that she "should be ashamed" of herself and that she was "lying" that she had a lawyer. Mrs. Smith was forced to terminate the call.

13. Defendant's debt collector, Chad Turner, then called Mr. Smith and conference-called Mrs. Smith into the call, wherein he bullied Mr. Smith into paying Mrs. Smith's Sears debt by charging $4,200 to Mr. Smith's own personal credit card. During this conference call, Defendant Viking's debt collector, Chad Turner, again claimed that Mrs. Smith was "lying" that she had a lawyer and refused to listen to her requests that the debt collector contact her attorney at LASPD.

14. Defendant Viking's debt collector's, Chad Turner's, rough treatment of Mr. Smith so emotionally upset her that her pacemaker had to shock her to re-set her heart beat.

15. All of the collection actions at issue occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692d(2) Of The FDCPA - Harassing And Abusive Telephone Calls

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including "the use of … language, the natural consequence of which is to abuse the hearer . . . ", see 15 U.S.C. § 1692d(2).

19. Defendant Viking engaged in conduct, the natural consequences of which was harassing, oppressive and abusive, in violation of § 1692d(2) of the FDCPA, by threatening Mrs. Smith's husband to get him to pay her debt, telling her she should be ashamed of herself, and by repeatedly calling Mrs. Smith a liar.

20. Defendant Viking's violations of § 1692d(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**False Statements**

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by making numerous false statements about Mrs. Smith, including, but not limited to:

    a) that if Mrs. Smith's husband did not pay her debt, Defendant would take Mr. Smith's wages and it would affect his home;

    b) that Mrs. Smith did not have a lawyer; and,

    c) that Mrs. Smith was a liar.

23. Defendant Viking's violations of § 1692e of the FDCPA render it liable for damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

24. Plaintiff adopts and realleges ¶¶ 1-16.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendant, by claiming that if Mrs. Smith's husband did not pay her debt that Defendant would take Mr. Smith's wages and it would affect his home; by discussing Mrs. Smith's debt with her husband and collecting it from him; by claiming that Mrs. Smith did not have a lawyer; and, by claiming that Mrs. Smith was a liar, engaged in unfair or unconscionable collection actions, in violation of § 1692f of the FDCPA.

5

26. Defendant Viking's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Patsy J. Smith, prays that this Court:

1. Find that Defendant Viking's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Smith, and against Defendant Viking, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Patsy J. Smith, demands trial by jury.

Patsy J. Smith,

By: David J. Philipps_____
One of Plaintiff's Attorneys

Dated: October 7, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6